TOLEDO BAR ASSOCIATION *v.* SHEEHY.

[Cite as *Toledo Bar Assn. v. Sheehy* (1995), 73 Ohio St.3d 208.]

(No. 95–757—Submitted May 23, 1995—Decided August 16, 1995.)

*Dale W. Fallat,* for relator.

*Marshall & Melhorn* and *Richard M. Kerger,* for respondent.

*Per Curiam.* We agree with the board's finding of misconduct, and, because respondent did not take advantage of Thomas's mental or physical condition or act dishonestly in the management of her affairs, we also agree with its recommended sanction. Cf. *Cincinnati Bar Assn. v. Clark* (1994), 71 Ohio St.3d 145, 642 N.E.2d 611 (attorney's license suspended for two years, with one year suspended, for drafting vulnerable client's will to benefit himself or his family; for distributing funds in the client's personal or trust accounts as "gifts" or "loans" to himself, his sons and his law firm; and for losing the client's funds in a high-risk investment); *Disciplinary Counsel v. Slavens* (1992), 63 Ohio St.3d 162, 586 N.E.2d 92 (attorney's license indefinitely suspended for drafting unrelated and vulnerable client's will to benefit himself and his family and for giving himself "gifts" that were not disclosed on gift tax returns or to the client's accountant, or to his co-executor after the client's death). But, see, *Mahoning Cty. Bar Assn. v.*

*Theofilos* (1988), 36 Ohio St.3d 43, 521 N.E.2d 797 (attorney's license suspended for one year due to his preparation of unrelated client's will in which he and his son were named as sole beneficiaries, and for being named in survivorship capacity on client's joint and survivorship bank accounts). We, therefore, publicly reprimand Joseph Patrick Sheehy for having violated DR 5–101(A). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

RESNICK, J., not participating.