**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 208.]**

TOLEDO BAR ASSOCIATION *v*. SHEEHY.

[Cite as *Toledo Bar Assn. v. Sheehy*, 1995-Ohio-315.]

*Attorneys at law—Misconduct—Public reprimand—Preparation of will for unrelated client from which attorney is to benefit.*

(No. 95-757—Submitted May 23, 1995—Decided August 16, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-37.

_____

{¶ 1} In a complaint filed on April 18, 1994, relator, Toledo Bar Association, charged respondent, Joseph Patrick Sheehy of Toledo, Ohio, Attorney Registration No. 0001965, with one count of having violated DR 5-101(A) (accepting employment where attorney's own interests may reasonably affect the exercise of his or her professional judgment on behalf of client, without consent after full disclosure). In his answer, respondent admitted the factual allegations in the complaint, but denied that the facts constituted a violation of the Disciplinary Rule. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on February 22, 1995.

{¶ 2} The panel determined that respondent had violated DR 5-101(A) because he had prepared Mildred L. Thomas's will, even though the will provided that he or his wife, in the event respondent failed to survive Thomas for thirty days, would receive at least one-half of Thomas's residual estate.

{¶ 3} Respondent had known Thomas casually since his admission to the Ohio Bar in 1949 and had performed legal work for her since 1989, when he was initially retained to represent her husband's estate. The will he prepared for Thomas provided a $3,000 bequest to one of her cousins, that two of her friends would receive $10,000 each, and that respondent and two of Thomas's neighbors would

share the assets remaining in the estate after the payment of debts and funeral expenses. Respondent arranged for Thomas to execute this will on April 2, 1992. She died approximately one year later, when her estate was valued at over $360,000.

{¶ 4} The panel, as well as the respondent in his testimony, referred to the case of *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 61-63, 567 N.E.2d 1291, 1295-1297, and paragraph one of the syllabus, which states that a presumption of undue influence, rebuttable by a preponderance of the evidence, arises when an attorney prepares an unrelated client's will from which he or she is to benefit. In discussing why professional objectivity was especially required in Thomas's case, the panel stated:

"A lawyer who is the beneficiary of a bequest of his client has a financial interest in the outcome of his representation. The consequence of this interest may be an impairment of his professional judgment on behalf of his client. This is amply demonstrated in this case. Exercising independent judgment, [r]espondent should have instructed * * * Thomas to consult with another lawyer to prepare the will. Had he done so, * * * Thomas'[s] wishes as expressed in her will would have been fulfilled. Instead, as would be expected, a will contest was filed claiming undue influence * * * . As a consequence, * * * Thomas'[s] express intent was frustrated. Her neighbors * * * were put in the position of compromising their share of the estate to resolve the will contest. * * * Thomas'[s] relatives, whom she expressly wished not to receive any bequest, received approximately $100,000. Finally, the bequest to [r]espondent[,] himself, in part was frustrated. * * *"

{¶ 5} Although the record does not establish that respondent disclosed the risks inherent in his and Thomas's relationship or that he insisted that another attorney prepare the will, the record does show that Thomas was not incompetent or especially vulnerable to influence for other reasons when respondent prepared her will. Moreover, a close friend of Thomas's and beneficiary of the will testified

that Thomas didn't care about and wanted to be "distant" from her blood relatives, suggesting that she intended to exclude them from participating in her estate. The panel considered this evidence in recommending a sanction for respondent's misconduct, as well as the affidavits of two character witnesses who expressed their confidence in respondent's competence and integrity.

{¶ 6} The panel recommended that respondent receive a public reprimand. The board agreed, adopting the panel's findings of fact, conclusions of law, and recommendation.

_____

*Dale W. Fallat*, for relator.

*Marshall & Melhorn* and *Richard M. Kerger*, for respondent.

_____

**Per Curiam.**

{¶ 7} We agree with the board's finding of misconduct, and, because respondent did not take advantage of Thomas's mental or physical condition or act dishonestly in the management of her affairs, we also agree with its recommended sanction. Cf. *Cincinnati Bar Assn. v. Clark* (1994), 71 Ohio St.3d 145, 642 N.E.2d 611 (attorney's license suspended for two years, with one year suspended, for drafting vulnerable client's will to benefit himself or his family; for distributing funds in the client's personal or trust accounts as "gifts" or "loans" to himself, his sons and his law firm; and for losing the client's funds in a high-risk investment); *Disciplinary Counsel v. Slavens* (1992), 63 Ohio St.3d 162, 586 N.E.2d 92 (attorney's license indefinitely suspended for drafting unrelated and vulnerable client's will to benefit himself and his family and for giving himself "gifts" that were not disclosed on gift tax returns or to the client's accountant, or to his co-executor after the client's death). But, see, *Mahoning Cty. Bar Assn. v. Theofilos* (1988), 36 Ohio St.3d 43, 521 N.E.2d 797 (attorney's license suspended for one year due to his preparation of unrelated client's will in which he and his son were

named as sole beneficiaries, and for being named in survivorship capacity on client's joint and survivorship bank accounts).  We, therefore, publicly reprimand Joseph Patrick Sheehy for having violated DR 5-101(A).  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

RESNICK, J., not participating.

_____