CLERMONT COUNTY BAR ASSOCIATION *v.* BRADFORD.

[Cite as *Clermont Cty. Bar Assn. v. Bradford*
(1997), 80 Ohio St.3d 194.]

(No. 97–806—Submitted July 7, 1997—Decided November 5, 1997.)

*Gary A. Rosenhoffer,* for relator.

*Dinsmore & Shohl, L.L.P., Wiley Dinsmore* and *Mark A. VanderLaan,* for respondent.

***Per Curiam.*** We accept the findings and conclusions of the board. In imposing an appropriate sanction, we consider the duty that has been violated, the mental state of the lawyer, the actual or potential injury caused by the misconduct, and the existence of mitigating factors.

While the facts in this case indicate a violation of the Disciplinary Rules as found by the board, the record also indicates that in the matter of the Mary Greathouse estate, respondent believed not that he had been hired to represent the heirs of Mary, but that he was merely one of the lawyers under consideration by the heirs to represent the estate. Although respondent made initial contact with the heirs of Charles Greathouse as a part of his preliminary investigation of Mary's estate, all evidence indicates that he was no longer under consideration as potential counsel for the estate of Mary or for the heirs of Mary when he was hired by the heirs of Charles. Finally, respondent caused no financial harm to any of the parties. The litigation between Charles's heirs and Mary's heirs would have been necessary no matter who were the attorneys for the estates. Further, the estates of both Mary and Charles were administered as they would have been had some lawyer other than respondent represented Charles's estate.

While it is true that respondent made minor changes to the Haines will, he did not draft the original will, nor did he insert or change those provisions which made him a contingent remainderman. Moreover, the probate court found, after all parties were duly notified of the proceedings, that respondent did not exercise undue influence over the testator.

We adopt the board's recommendation and hereby publicly reprimand respondent. Costs of these proceeding are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.