[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 194.]

CLERMONT COUNTY BAR ASSOCIATION *v*. BRADFORD.

[Cite as *Clermont Cty. Bar Assn. v. Bradford*, 1997-Ohio-123.]

*Attorneys at law—Misconduct—Public reprimand—Failure to avoid the appearance of impropriety—Using a confidence or secret of a client to gain a personal advantage—Failure to refuse employment if the interest of another client may impair the independent professional judgment of the attorney—Engaging in conduct that adversely reflects on fitness to practice law—Preparing a will in which the attorney is named a beneficiary.*

(No. 97-806—Submitted July 7, 1997—Decided November 5, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-18.

_____

{¶ 1} On February 23, 1993, Mattcia Gasnik, daughter of Mary Greathouse, who died on February 7, 1993, consulted attorney J. Robert True about probating her mother's estate. Gasnik did not like the advice True gave her. On March 1, 1993, Gasnik and Mary's other children then consulted respondent, Douglas J. Bradford of Batavia, Ohio, Attorney Registration No. 0004855, with respect to the probate of the estate. At that meeting, Gasnik delivered to respondent certificates of deposit and the will of Mary Greathouse. Gasnik also gave respondent the will of Charles Greathouse, Mary's husband, who died on February 23, 1993. While at respondent's office, Gasnik and the other children signed an application to probate the will of Mary Greathouse and an application for authority to administer the estate of Mary Greathouse. During the next eight days, Gasnik delivered other documents relating to the Mary Greathouse estate to respondent.

{¶ 2} Sometime before March 10, 1993, respondent informed Gasnik that the documents he had examined indicated that most of the bank accounts were in the name of Charles Greathouse, who survived Mary. Because Charles Greathouse's will provided that his property would pass to his wife but made no provision for distribution if his wife predeceased him, Charles Greathouse's estate would be distributed as though he had died intestate. Respondent told Gasnik that, in his opinion, the property in Charles's estate would be distributed to Charles's grandchildren. Charles had a son from a previous marriage who adopted two children; however, Charles's son predeceased him.

{¶ 3} Upon hearing respondent's opinion that Charles's grandchildren would receive the estate assets, Gasnik told respondent not to take any further action with respect to Mary's estate and not to contact Charles's grandchildren. However, respondent had already placed a telephone call to California in an attempt to locate Charles's grandchildren. One of the grandchildren of Charles then called respondent and requested that he represent the estate of Charles Greathouse. On March 30, 1993, respondent presented the will of Charles Greathouse for probate and was appointed administrator of the estate with will annexed. Subsequently, respondent, as representative of Charles's estate, was involved in several adversary proceedings with the Mary Greathouse heirs. Gasnik filed her initial grievance with relator, Clermont County Bar Association, in April 1993.

{¶ 4} In 1992 respondent drafted a revised will for Mary R. Haines, a long-time friend of respondent's father, attorney Ray Bradford of Clermont County. The will, originally drafted by attorney Robert Ringland in 1980, contained a bequest of $20,000 to Ray Bradford and, if he did not survive, to respondent. The revised will drafted by respondent contained the same provision. Ray Bradford died in 1993, and Haines died in 1995. After Haines died, respondent, serving as executor of her estate, asked for instructions from the probate court. All interested parties

were served, and the court made a finding that the bequest to respondent was valid and not the result of undue influence.

{¶ 5} Based on Gasnik's grievance and the facts surrounding the Haines will, relator filed a second amended complaint charging respondent with violations of several Disciplinary Rules. After respondent filed an answer, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") received evidence consisting of stipulations, video depositions, and exhibits.

{¶ 6} The panel found with respect to the Gasnik grievance that respondent violated DR 9-101 (failure to avoid the appearance of impropriety), 4-101(B)(3) (using a confidence or secret of a client to gain a personal advantage), 5-105 (failure to refuse to accept employment if the interest of another client may impair the independent professional judgment of the lawyer), and 1-102(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law). With respect to the Haines matter, the panel found that respondent violated DR 1-102(A)(6) and 5-101(A)(2)[1] (preparing a will in which the lawyer is named a beneficiary). The panel recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Gary A. Rosenhoffer,* for relator.

*Dinsmore & Shohl, L.L.P.*, *Wiley Dinsmore* and *Mark A. VanderLaan,* for respondent.

———————————

***Per Curiam.***

———————————

1. We note that respondent, in his objections to the recommendation of the board, correctly notes that DR 5-101(A)(2) was not in existence at the time the second Haines will was executed.

**{¶ 7}** We accept the findings and conclusions of the board. In imposing an appropriate sanction, we consider the duty that has been violated, the mental state of the lawyer, the actual or potential injury caused by the misconduct, and the existence of mitigating factors.

**{¶ 8}** While the facts in this case indicate a violation of the Disciplinary Rules as found by the board, the record also indicates that in the matter of the Mary Greathouse estate, respondent believed not that he had been hired to represent the heirs of Mary, but that he was merely one of the lawyers under consideration by the heirs to represent the estate. Although respondent made initial contact with the heirs of Charles Greathouse as a part of his preliminary investigation of Mary's estate, all evidence indicates that he was no longer under consideration as potential counsel for the estate of Mary or for the heirs of Mary when he was hired by the heirs of Charles. Finally, respondent caused no financial harm to any of the parties. The litigation between Charles's heirs and Mary's heirs would have been necessary no matter who were the attorneys for the estates. Further, the estates of both Mary and Charles were administered as they would have been had some lawyer other than respondent represented Charles's estate.

**{¶ 9}** While it is true that respondent made minor changes to the Haines will, he did not draft the original will, nor did he insert or change those provisions which made him a contingent remainderman. Moreover, the probate court found, after all parties were duly notified of the proceedings, that respondent did not exercise undue influence over the testator.

**{¶ 10}** We adopt the board's recommendation and hereby publicly reprimand respondent. Costs of these proceeding are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————