TOLEDO BAR ASSOCIATION *v.* CANDIELLO.

[Cite as *Toledo Bar Assn. v. Candiello* (1999), 85 Ohio St.3d 36.]

(No. 98–1230—Submitted December 2, 1998—Decided March 10, 1999.)

38

*Christopher F. Parker, Julia Wiley* and *George Gernot III,* for relator.

*N. Stevens Newcomer,* for respondent.

***Per Curiam.*** We adopt the findings of the board. As the board noted, respondent drafted wills for Bonner and Simon, in which he or his secretary was named as a beneficiary before DR 5–101 was amended in May 1996 to prohibit an attorney from drafting such a will or trust. Nevertheless, for reasons which we expressed in *Disciplinary Counsel v. Galinas* (1996), 76 Ohio St.3d 87, 90, 666 N.E.2d 1083, 1086, we conclude, as did the board, that in each case respondent violated DR 1–102(A)(6).

Respondent also suggested that Bonner invest in a company that he owned. When Bonner failed to realize the profit she was promised, respondent repaid her the principal amount. However, by agreement with Bonner, he paid only $16,000, instead of the full interest due on Bonner's Bomar investment. We believe that respondent should have refrained from seeking Bonner as an investor in his company. Also at the time he agreed with Bonner to compromise the interest due, his status as her long-time attorney put him in a position to unduly influence her decisions and profit by the situation. "A lawyer should avoid even the

appearance of impropriety and the implication that his professional judgment on behalf of a client could be affected by the lawyer's own interests." *Miami Cty. Bar Assn. v. Thompson* (1997), 78 Ohio St.3d 103, 104–105, 676 N.E.2d 879, 881. Moreover, respondent paid Bonner this agreed amount in lieu of interest partly from his trust fund and partly from his general office fund. In so doing, he violated DR 9–102(A)(2), which states that a client trust fund may contain no funds of the lawyer except those that belong partly to the client and partly to the lawyer. Because respondent paid his personal guarantee of interest partly from the trust fund, respondent necessarily used funds of another client or used the trust fund improperly.

Respondent's administration of the Bonner guardianship and estate was inadequate. He not only poorly identified funds in his possession, but also held those funds in the form of cash, not because he was so directed by Bonner's will, but because he "knew" that Bonner disliked the persons who would claim against her estate and so attempted to make it difficult and expensive for them to trace the estate's assets.

As a fiduciary, respondent is expected to act as a prudent person and pursuant to written instructions of the deceased. It was imprudent to maintain funds in an office safe where they were uninsured and at risk and would not accrue interest. Also, respondent acted beyond the scope of his authority in attempting to frustrate litigants because of his perception of the deceased's wishes. We adopt the board's conclusions with respect to respondent's administration of Bonner's guardianship and estate.

We note, however, that respondent has had an otherwise unblemished reputation during more than twenty years of practice and that he did finally account for the funds in his possession.

Respondent is hereby suspended from the practice of law for two years, with twelve months of that suspension stayed. Cost are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, FAIN, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

MIKE FAIN, J., of the Second Appellate District, sitting for RESNICK, J.

---

COOK, J., dissenting. Respondent's conduct warrants at least a two-year suspension. I would, therefore, impose the sanctions and conditions recommended by the board.

MOYER, C.J., concurs in the foregoing dissenting opinion.