[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 225.]

TOLEDO BAR ASSOCIATION *v*. COOK.

[Cite as *Toledo Bar Assn. v. Cook*, 2002-Ohio-5787.]

*Attorneys at law—Misconduct—One-year suspension with six months of sanction suspended on condition—Preparing a will that named attorney's siblings' corporation as a beneficiary in a situation where the testator was not related to the attorney's siblings.*

(No. 2002-0720—Submitted July 24, 2002—Decided November 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-51.

_____

**Per Curiam.**

{¶1} In this case, we must decide the appropriate sanction for an attorney who prepared a will that named the attorney's siblings' corporation as a beneficiary in a situation where the testator was not related to the attorney's siblings. The Board of Commissioners on Grievances and Discipline found that respondent, Linda S. Cook of Sylvania, Ohio, Attorney Registration No. 0061876, committed this conduct and that, by her own admission, she violated DR 5-101(A)(2) (an attorney shall not prepare a will, codicil, or living trust that names the attorney's siblings as beneficiaries unless the testator is related to the siblings). The board recommended that respondent be suspended from the practice of law in Ohio for two years, but that one year be stayed on conditions. We, however, find that a one-year suspension, with six months stayed on conditions, is appropriate.

{¶2} In February 1997, respondent prepared a living trust for a client and his wife in which they were named trustees. Sometime later, the couple's daughter became a cotrustee. The client's wife died in March 1997, and respondent

subsequently assisted the client's daughter with the division of the assets into "marital" and "family" trusts, each of which contained approximately $300,000.

{¶3} In November 1998, respondent's client became a resident at Advanced Living, Inc., an adult-care group home wholly owned by respondent and her siblings. At about the same time, the client advised respondent that he wanted to change the beneficiary of the marital trust from his children to Advanced Living. To accommodate his request and in an attempt to avoid the obvious conflict of interest, respondent surrendered her shares in Advanced Living to the corporation and resigned her positions as an officer, a director, and corporate counsel. Her siblings continued in their proprietary functions for the corporation.

{¶4} In December 1998, respondent prepared a will for the client. He executed the will and in it exercised a power of appointment to give substantially all of the marital trust assets to Advanced Living. This transaction effectively donated approximately $300,000 to respondent's siblings' corporation.

{¶5} In February 1999, the client's daughter resigned as a cotrustee, and respondent was named to succeed her. In June of that year, a physician declared respondent's client incompetent, causing respondent to become the sole trustee of her client's living trust. On November 6, 1999, the client passed away. Respondent subsequently certified and filed an application to file the client's will without probate.

{¶6} Shortly after their father's death, the client's daughter and son discovered the terms of his will and obtained counsel to contest the bequest to Advanced Living. In February 2000, respondent resigned as trustee of the trust, and Advanced Living disclaimed any interest in her client's estate.

{¶7} On June 11, 2001, relator, Toledo Bar Association, charged respondent with having violated the Code of Professional Responsibility. A panel of the board heard the cause and, based on the parties' stipulations, respondent's

testimony, and various exhibits, found the facts as stated and that respondent had violated DR 5-101(A)(2).

{¶8} In recommending a sanction, the panel considered mitigating the facts that respondent had immediately resigned as trustee upon her client's children's request and that all of the assets that were bequeathed to Advanced Living were given to the client's children. The panel also considered that respondent had cooperated in relator's investigation, stipulated to the cited misconduct, and was apologetic. As an aggravating factor, the panel was concerned that respondent, a prominent attorney in estate planning, had not been aware of applicable ethical standards, particularly the absolute prohibition in DR 5-101(A)(2)(e) against preparing a will or trust naming the attorney's siblings. The panel was also troubled by the fact that respondent had essentially allowed her sister, whom respondent employed as a secretary, to prepare for Advanced Living the legal document disclaiming trust assets.

{¶9} The panel recommended a six-month suspension with the entire six months stayed and a two-year probationary period overseen by relator, during which respondent was to pursue continuing legal education ("CLE") in office management and ethics specifically in the area of preparing wills and trusts. The board, however, recommended a two-year suspension with one year stayed on the conditions suggested by the panel. Upon review, we reject the panel's recommendation as too lenient and the board's as too severe.

{¶10} In the past we held that an attorney could, in extraordinary circumstances, draft an instrument in which the attorney was named a beneficiary when the attorney was not related to the client. See *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 63, 567 N.E.2d 1291. Even in cases where there were not extraordinary circumstances but an attorney genuinely attempted to honor his client's wishes in naming the attorney or his relatives beneficiary to a will or trust, we issued only a public reprimand for the misconduct. See, e.g., *Toledo Bar Assn.*

*v. Sheehy* (1995), 73 Ohio St.3d 208, 652 N.E.2d 765; *Cincinnati Bar Assn. v. Bortz* (1996), 74 Ohio St.3d 207, 658 N.E.2d 252; and *Clermont Cty. Bar Assn. v. Bradford* (1997), 80 Ohio St.3d 194, 685 N.E.2d 515. However, when an attorney exercised undue influence or otherwise acted improperly, we imposed an actual suspension from the practice of law. See, e.g., *Mahoning Cty. Bar Assn. v. Theofilos* (1988), 36 Ohio St.3d 43, 521 N.E.2d 797; *Disciplinary Counsel v. Slavens* (1992), 63 Ohio St.3d 162, 586 N.E.2d 92; *Cincinnati Bar Assn. v. Clark* (1994), 71 Ohio St.3d 145, 642 N.E.2d 611; *Disciplinary Counsel v. Galinas* (1996), 76 Ohio St.3d 87, 666 N.E.2d 1083; *Toledo Bar Assn. v. Candiello* (1999), 85 Ohio St.3d 36, 706 N.E.2d 1216.

**{¶11}** But we have more recently determined that, even with the best intentions, an attorney risks the possibility of exploiting his client when their interests become so intertwined. We therefore reconsidered the ethical propriety of the situation and resolved that these risks are untenable. Thus, effective May 1, 1996, we amended the Code of Professional Responsibility to specify that there are *no* circumstances under which an attorney may prepare a will or trust in which the attorney, the attorney's family, or the attorney's affiliates are named beneficiaries, unless the beneficiary is related to the client. DR 5-101(A)(2). See, also, Amendments to the Code of Professional Responsibility, 75 Ohio St.3d XCVI (comments regarding the rule amendment). Today we hold that a violation of DR 5-101(A)(2) requires an attorney's actual suspension from the practice of law.

**{¶12}** Having said that, we reject the sanction recommended by the panel because it does not include any period during which respondent must refrain from practicing law. And as for the board's recommended sanction, we note that the board did not consider the character references submitted on respondent's behalf, all of which describe her as a reliable, competent, and selfless practitioner. We are convinced from these representations and from respondent's remorse and cooperation that she is unlikely to repeat this misconduct.

**{¶13}** For these reasons, respondent is suspended from the practice of law in Ohio for one year. Six months of this period will be suspended, however, on the condition that during the one-year period respondent complete CLE courses in office management and ethics concerning the preparation of wills and trusts under relator's supervision. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PETREE, PFEIFER and COOK, JJ., concur.

DOUGLAS, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

CHARLES R. PETREE, J., of the Tenth Appellate District, sitting for RESNICK, J.

_____

**DOUGLAS, J., dissenting.**

**{¶14}** I respectfully dissent. I would suspend the respondent for six months but stay the entire suspension. The panel hearing this case made such a recommendation to the board. I would follow the recommendation of the panel, including the recommendation as to a two-year probationary period.

F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

_____

Mark S. Barnes, Margaret Weisenburger and Jonathan B. Cherry, for relator.

James D. Caruso, for respondent.

_____