Kettlewell & Kettlewell, L.L.C., Charles W. Kettlewell and Charles J. Kettlewell, for respondent.

---

DISCIPLINARY COUNSEL *v.* KELLEHER.

[Cite as *Disciplinary Counsel v. Kelleher,*
102 Ohio St.3d 105, 2004-Ohio-1802.]

(No. 2003–1532—Submitted December 3, 2003—Decided April 28, 2004.)

---

MOYER, C.J.

{¶ 1} This case requires us to consider the appropriate sanction for an attorney who drafted, for a client not related to the attorney, an inter vivos trust that named the attorney's wife, children, and grandchildren as beneficiaries. The Board of Commissioners on Grievances and Discipline determined, and the parties stipulated, that respondent, Vincent F. Kelleher of Burton Village, Ohio, Attorney Registration No. 0001081, engaged in conduct prohibited by DR 5–101(A)(2)(e). That section prohibits an attorney from drafting a will or trust that names the attorney's spouse, siblings, children, or parents as beneficiaries unless the client is related by blood or marriage to the beneficiary. See, also, DR 5–

101(A)(3). The board recommended that respondent receive a one-year suspension from the practice of law with six months stayed. We adopt the sanction recommended by the board.

I

{¶ 2} .The parties stipulated that respondent drafted an inter vivos trust for Marian Kelly Sullivan that named respondent's spouse, five children, and four grandchildren as beneficiaries. Prior to her death, Sullivan had maintained a close relationship with respondent and his family for more than 40 years. Although Sullivan was not related to respondent by blood or marriage, she had insisted that his children and grandchildren call her "Aunt Marian." During her lifetime, Sullivan frequently gave gifts to members of respondent's family and regularly attended family functions. The close relationship between Sullivan and the Kelleher family existed before any legal services were performed by respondent for Sullivan.

{¶ 3} During the final ten years of her life, Sullivan engaged respondent to represent her in various legal matters. In 1999, Sullivan requested that respondent draft for her a revocable trust from which respondent's children would receive property. In March of that year, respondent prepared the Marian Kelly Sullivan Revocable Trust ("the Trust"), which named, among other individuals, respondent's spouse, five children, and four grandchildren as beneficiaries. The Trust provided that Sullivan was the trustee, respondent was the successor trustee and, if he were unwilling or unable to serve, his daughter would serve as successor trustee. The Trust further provided that respondent's spouse, children, and grandchildren would receive distributions from the Trust when Sullivan died. Upon Sullivan's death in 2000, respondent's spouse, children, and grandchildren received distributions from the Trust.

{¶ 4} On June 17, 2002, relator, Disciplinary Counsel, filed a complaint against respondent, alleging a violation of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the stipulations of the parties, determined that respondent had violated DR 5–101(A)(2)(e). The panel recommended that respondent receive a one-year suspension from the practice of law with six months stayed. The board adopted the recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

{¶ 5} In adopting the recommendation of the panel, the board considered mitigating and aggravating factors pursuant to Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The board observed that

respondent had not been the subject of any disciplinary action during his legal career, enjoyed a good reputation in his community, and cooperated fully in the disciplinary process. The board further noted that respondent had taken a continuing legal education course sponsored by the Ohio State Bar Association to update his knowledge of probate and probate-related matters. The board concluded, however, that respondent viewed the transgression as merely a "technical violation" and did not comprehend the seriousness of, or demonstrate remorse for, the conduct that gave rise to the violation. The board further considered that, as of the hearing date, respondent had neither returned the property that his family received from the Trust nor forfeited the fees that he received as trustee.

## II

{¶ 6} The sole issue before this court is whether the board recommended an appropriate sanction for respondent. Relator argues that respondent should receive a one-year suspension from the practice of law with six months stayed. Respondent, however, views the Disciplinary Rule violation as one for which we should impose a sanction no greater than a public reprimand.

{¶ 7} We recently decided a similar case in which an attorney prepared for a client not related to her a will that named the attorney's family members as beneficiaries in violation of DR 5–101(A)(2). *Toledo Bar Assn. v. Cook,* 97 Ohio St.3d 225, 2002-Ohio-5787, 778 N.E.2d 40. Although a panel of the board recommended a six-month suspension with the entire six months suspended on conditions, the board recommended a two-year suspension with one year stayed on the same conditions. Id. at ¶ 9. We rejected the recommendation of the panel as too lenient and that of the board as too severe. Id. Considering the aggravating and mitigating factors, we suspended the attorney from practice for one year with six months stayed on condition. Id. at ¶ 12–13.

{¶ 8} In determining the appropriate sanction in *Cook,* we reasoned that "even with the best intentions, an attorney risks the possibility of exploiting his client when their interests become so intertwined." Id. at ¶ 11. We therefore considered the "ethical propriety of the situation and resolved that these risks are untenable." Id., 97 Ohio St.3d 225, 2002-Ohio-5787, 778 N.E.2d 40, at ¶ 11. Consistent with this resolution, we noted that DR 5–101(A)(2) was amended to specify that "there are *no* circumstances under which an attorney may prepare a will or trust in which the attorney, the attorney's family, or the attorney's affiliates are named beneficiaries, unless the beneficiary is related to the client."

(Emphasis sic.) Id. We thus held that "a violation of DR 5–101(A)(2) requires an attorney's *actual* suspension from the practice of law." (Emphasis added.) Id.

{¶ 9} In accord with our holding in *Cook,* we conclude that respondent's conduct requires an actual suspension from the practice of law. This conclusion is further supported by the aggravating evidence that respondent viewed the Disciplinary Rule violation as merely a "technical violation" and that he has neither returned the property that his family received from the Trust nor forfeited the fees that he received as trustee. Nevertheless, respondent has presented mitigating evidence that he completed a CLE course to update his knowledge of probate-related matters and that he is a reliable, honest, and conscientious practitioner who enjoys a good reputation in both the community and the legal profession. Further, respondent has never been the subject of any disciplinary action during his legal career and has cooperated fully in the disciplinary process.

{¶ 10} Based on the foregoing evidence and consistent with our holding in *Cook,* a one-year suspension with six months stayed is the appropriate sanction. Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year with six months stayed for violating DR 5–101(A)(2). Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

———————

**PFEIFER, J., dissenting.**

{¶ 11} In reaching its decision, the majority relies heavily on *Toledo Bar Assn. v. Cook,* 97 Ohio St.3d 225, 2002-Ohio-5787, 778 N.E.2d 40. Until *Cook* was decided, this court had looked to whether an "attorney exercised undue influence or otherwise acted improperly" to determine whether an actual suspension should be imposed. Id. at ¶ 10. Vincent Kelleher did not have the benefit of that opinion when he drafted Marian Kelly Sullivan's will in 1999, even though we must presume that he was aware of the 1996 amendments to the Code of Professional Responsibility, 75 Ohio St.3d XCVI, on which the *Cook* opinion relied.

{¶ 12} The circumstances of this case are vastly different from *Cook.* Here, Kelleher and his family had a 40–year relationship with Sullivan; in *Cook,* there was no personal relationship between attorney and client. Here, Kelleher and his family treated Sullivan as if she were family and she treated them as if they were

family; not so in *Cook*. Here, Sullivan had little or no relationship with her surviving blood relations; again, not so in *Cook*.

{¶ 13} In *Cook*, citing DR 5–101(A)(2), this court stated that "there are *no* circumstances under which an attorney may prepare a will or trust in which the attorney, the attorney's family, or the attorney's affiliates are named beneficiaries, unless the beneficiary is related to the client." (Emphasis sic.) Id. at ¶ 11. An advantage of bright-line rules is that they are easy to apply; a disadvantage is that there are no exceptions, even when, as here, the circumstances indicate that there was no undue influence or other improprieties. Nevertheless, DR 5–101(A)(2) was violated, as stipulated by the parties, and Kelleher should be punished. I would issue a one-year suspension and stay the entire year on condition that Kelleher provide a specified amount of pro bono services. I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

———

Jonathan E. Coughlan, Disciplinary Counsel, and Claudia S. Herrington, Assistant Disciplinary Counsel, for relator.

Mary L. Cibella, for respondent.