**McDADE, Appellant,**

v.

**SPENCER, Appellee.**

[Cite as *McDade v. Spencer* (1991), 75 Ohio App.3d 639.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–439.

Decided Aug. 20, 1991.

*T.H. Elsass Co., L.P.A.,* and *Tobias H. Elsass,* for appellant.

*John C. Nemeth & Assoc., John C. Nemeth* and *Mark R. Blackmer,* for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Francis S. McDade, appellant, from a judgment of the Franklin County Court of Common Pleas,

granting summary judgment in favor of appellee, Scott W. Spencer. In 1986, McDade hired Spencer to represent him against his wife in a divorce action. In December 1986, the parties entered into a settlement agreement and an agreed judgment entry was filed January 26, 1987. Appellant did not attend the settlement negotiations because of an order of contempt, for failing to comply with temporary orders, which was issued against him previously. Appellant asserts that appellee, as his attorney, signed the settlement agreement without his authorization. Appellee indicates that appellant was fully informed of the terms of the settlement since he telephoned the appellant several times during the course of the negotiations.

One of the terms of the settlement agreement required the appellant to transfer one-half of his Ameritech "common stock" to his former wife. The Ameritech Employee Stock Ownership Plan ("ESOP") was discontinued on December 31, 1986, and employees had the option, until April 1988, either to withdraw the common stock or roll it over into their savings plan. Appellant converted his stock or "units" to cash in May 1988. Appellant never complied with this term of the settlement agreement since he claims he never owned "common stock," as that term was set forth in the settlement agreement. Under the savings plan, appellant no longer owns stock certificates. Appellant's interest is valued in units, and any distribution is made in cash.

Appellant terminated his professional relationship with appellee on November 20, 1987 and hired his current attorney to represent him in the postdecree litigation. Appellant's former attorney continually advised appellant to comply with the divorce decree, which eventually led to the termination of the attorney-client relationship. On July 31, 1989, appellant was found guilty of contempt for failing to comply with the terms of the settlement agreement. On appeal, this court stated in *McDade v. McDade* (Sept. 27, 1990), Franklin App. No. 89AP–991, unreported, 1990 WL 140572, that there was "insufficient evidence to support a contempt charge on the part of appellant." The case was remanded for the trial court to determine when appellant was divested of his stock ownership. In February 1990, appellant filed this malpractice action against the appellee. Thereafter, appellee filed a motion for summary judgment, asserting that appellant's cause of action was time barred pursuant to R.C. 2305.11. The trial court granted appellee's motion and, thereafter, this appeal ensued. The appellant asserts the following sole assignment of error:

"The trial court erred as a matter of law when it ruled that appellant's cause of action for legal malpractice was barred by the statute of limitations for professional malpractice, R.C. 2305.11(A)."

On cross-appeal, the appellee submits the following assignment of error in the event that this court grants the assignment of error asserted by appellant:

"The trial court erred in not also granting summary judgment in favor of defendant on the basis that the evidence established as a matter of law that there was no negligence; summary judgment in favor of a defendant/attorney is proper when the defendant presents expert evidence that the legal services rendered were competent, and the plaintiff presents no expert testimony to rebut the evidence."

The statute of limitations for a legal malpractice action is set forth in R.C. 2305.11(A):

"(A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture, shall be commenced within one year after the cause of action accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued."

R.C. 2305.11(A) states that a cause of action for legal malpractice shall be filed "within one year after the cause of action accrued." In *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus, the Supreme Court set forth as follows:

"Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. (*Omni–Food & Fashion, Inc. v. Smith* [1988], 38 Ohio St.3d 385, 528 N.E.2d 941, applied.)"

Upon review, it is uncontroverted that appellant severed the attorney-client relationship with appellee in November 1987 and filed the action herein in February 1990. Thus, the relationship of this time frame eliminates the termination date of the attorney-client relationship as the date of accrual according to the syllabus of *Zimmie*. Consequently, pursuant to *Zimmie*, this court must analyze the occurrence of the "cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney." *Id.*

The appellant argues that the cognizable event which placed him on notice was when he was found guilty of contempt on July 31, 1989. Therefore, he

argues, since he filed the matter herein in February 1990, he is well within the one-year statute of limitations as imposed by *Zimmie* and R.C. 2305.11(A).

Appellee contends that, at the latest, the cognizable event when appellant knew or should have known that he was injured was December 1987 when he hired his present attorney. Appellee argues that appellant was aware of the terms of the settlement agreement when it was filed in January 1987 and raised no objections. Moreover, appellant was cognizant of the fact that contempt motions were being filed against him for failing to comply with the terms of the separation agreement in 1987.

The trial court, in granting summary judgment in favor of appellee, agreed with appellee's argument that the appellant was aware of the terms of the property settlement in 1987 since he was cited for contempt for failure to abide by the property transfers.

Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other materials permitted by Civ.R. 56(C) to show a genuine issue for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Upon review, there has been no abuse of discretion in the trial court's concluding that the cognizable event whereby the appellant discovered or should have discovered that he had been injured by his attorney's act or omission occurred more than one year previous to the date of filing. Thus, appellant's cause of action for legal malpractice is time barred. The matter of contempt, according to the facts before this court, is still pending before the trial court. An ultimate determination on the issue of contempt is not necessary, under the facts of this case, to commence the running of the one-year statute of limitations. The focus of the inquiry should be on the point of discovery, that is, awareness, that the client discovered or should have

discovered that he has been injured by the attorney's act or omission. The focus should be on what the client was aware of and not an extrinsic judicial determination.

Accordingly, appellant's sole assignment of error is not well taken and is overruled. Since appellee's cross-assignment was conditional upon this court's granting appellant's assignment of error, it is not necessary to address appellee's cross-assignment of error.

Based on the foregoing, appellant's sole assignment of error is not well taken and is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and TYACK, JJ., concur.