JOURNAL ENTRY and OPINION
Plaintiff-appellant Joanne Case appeals the trial court's decision granting summary judgment in favor of defendants-appellees Landskroner 
Phillips Co., L.P.A. and Lawrence Landskroner.
On August 29, 1991, Case retained Landskroner Phillips to represent her and her son, Joshua Stubblefield, in an action for injuries and damages sustained by Case and her son as a result of an attack by Joseph Stubblefield, her estranged husband.
At the time of the attack, Stubblefield was serving a sentence of two years special probation, including community service, home detention and work release. His probation was being served through the Salvation Army's Harbor Light Complex and he was being monitored by B.I. Monitoring. Stubblefield was completing his community service through the Shaker Heights Service Department (Shaker Heights), the supervisor of which was David Owens. On the day of the attack, Owens had signed a time card representing that Stubblefield had performed community service work the entire day on August 25, 1991, when in fact Stubblefield had not worked at all. Case found the time card and took it to defendants as the basis of her potential claims against the individuals and entities named above.
When Case retained the defendants, she signed a written fee agreement, which stated that defendants were to represent Case and her son in a claim against Joseph Stubblefield, David Owens, Salvation Army Harbor Lights Complex (Salvation Army), Cuyahoga County Probation Department, and the State of Ohio.
Defendants filed a number of actions, the one which is relevant to the instant case being Cuyahoga County Common Pleas Case No. 257140, which defendants filed against the Salvation Army, B.I. Monitoring, and John Doe (the manufacturer of the monitoring bracelet). Neither David Owens nor Shaker Heights were named as parties in that case, despite the fact that Owens was listed as a potential defendant in the fee agreement. On October 24, 1994, defendants dismissed Case No. 257140. At some time in 1995, defendants terminated their representation of Case and her son.
Thereafter, Case and her son refiled the common pleas action pro se, naming the same parties. On December 7, 1995, Case retained Bruce Hodge to represent her and her son in the refiled case.
The time card signed by Owens did not state his place of employment; as such, attorney Hodge assumed that Owens worked for the Salvation Army. However, through the discovery process, he learned that David Owens worked for Shaker Heights. At this time, it was too late to file suit against Owens or Shaker Heights because the statute of limitations barred the action.
On May 25, 1996, Hodge informed Case that defendants failed to join Shaker Heights and Owens, whom Hodge deemed as necessary parties. On September 19, 1996, Hodge deposed Owens and thereby determined the extent of Shaker Heights' involvement with Stubblefield's community service, and Owens' actions on the day of the attack.
On September 8, 1997, Case and her son filed a legal malpractice action against The Landskroner Law Firm Ltd., Landskroner Phillips Co., L.P.A., Lawrence Landskroner and Robert M. Phillips in Cuyahoga County Common Pleas Court. After this action was dismissed without prejudice, it was refiled On June 4, 1998. On April 23, 1999, The Landskroner Law Firm Ltd. and Robert M. Phillips were voluntarily dismissed from the action. Landskroner Phillips Co., L.P.A. and Lawrence Landskroner remained as defendants.
On May 31, 2000, the trial court granted the defendants' joint motion for summary judgment, ruling as follows:
 Defendants' Motion for Summary Judgment is granted. There is no material factual dispute.
 Construing the evidence in plaintiffs' favor, a reasonable trier of fact could come to but one conclusion and that conclusion is plaintiffs had the requisite notice of injury to cause the statute of limitations to start running more than one year before filing their malpractice action against defendants.
Case filed this appeal, raising two assignments of error which are addressed together below:
 I. THE TRIAL COURT ERRED IN ITS DECISION GRANTING SUMMARY JUDGMENT, BECAUSE THERE IS A FACTUAL DISPUTE CONCERNING THE DATE ON WHICH THE STATUTE OF LIMITATIONS BEGAN TO RUN ON APPELLANT'S CLAIM OF LEGAL MALPRACTICE.
 II. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT'S CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANT LANDSKRONER PHILLIPS CO. L.P.A. IS BARRED BY THE STATUTE OF LIMITATIONS.
This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 131,705 N.E.2d 717; Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153.
The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
 State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
However, there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242,249-250.
Here, Case argues that there is sufficient evidence to establish that a genuine issue of fact exists as to which event triggered the statute of limitations for Case's legal malpractice claim. This argument is without merit.
The trial court did not specify the "cognizable event" which triggered the running of the one-year statute of limitations for legal malpractice. However, based on the fact that it granted defendants' motion for summary judgment, presumably it relied on defendants' argument that Case was aware of the alleged malpractice on May 25, 1996, as evidenced by Hodges' letter to Case. The court therefore concluded that Case's complaint was barred by the statute of limitations.
As held in Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54,538 N.E.2d 398, at syllabus:
 Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.
A `cognizable event' is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act. Wozniak v. Tonidandel (1997), 121 Ohio App.3d 221,699 N.E.2d 555; Spencer v. McGill (1993), 87 Ohio App.3d 267, 622 N.E.2d 7. In determining the cognizable event, "the focus should be on what the client was aware of and not an extrinsic judicial determination." Vagianos v. Halpern (Dec. 14, 2000), Cuyahoga App. No. 76408, unreported, citing, McDade v. Spencer (1991), 75 Ohio App.3d 639,600 N.E.2d 371.
The burden was on the defendants to identify the date of a cognizable event. See, Vagianos, supra. Defendants maintain that the cognizable event occurred on May 25, 1996, the date of the letter sent from Case's attorney to Case which stated the following:
 [T]he more I investigate the matter, the clearer it seems that your former counsel failed to join a necessary party. I believe that Landskroner 
Phillips should have amended their complaint to include the City of Shaker Heights, the Shaker Heights Department of Public Service, and D. Owens. Obviously, it is much too late to do so now.
Case contends that she did not find out about the malpractice until the deposition of David Owens. Case argues that Owen's deposition revealed that Owens and Shaker Heights may be liable for the injuries she sustained on August 25, 1991. Thus, it was not until this date that she became aware of the seriousness of her legal claims against defendants because of their failure to add Owens and Shaker Heights in Case No. 257140.
However, the May 25, 1996 letter serves as evidence that Case was aware that Owens and Shaker Heights could be liable for the injuries that she sustained on August 25, 1991, and that these parties should have been added to the lawsuit pending in common pleas court. Therefore, it is apparent that the cognizable event took place well before the September 19, 1996 deposition of Owens. As such, the malpractice suit filed on September 8, 1997 was not timely. Thus, the trial court did not err in its decision because defendants were entitled to summary judgment on this basis.
Accordingly, we find that Case's assignments of error are without merit. Thus, we affirm the decision of the trial court.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.:
FRANK D. CELEBREZZE, JR., P.J., and JAMES J. SWEENEY, J., CONCUR