**CRYSTAL, Appellant,**

v.

**WILSMAN, Appellee.**

[Cite as *Crystal v. Wilsman,* 151 Ohio App.3d 512, 2003-Ohio-427.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81055.

Decided Jan. 30, 2003.

Stephen G. Thomas & Assoc. Co. and Stephen G. Thomas, for appellant.

Gallagher, Sharp, Fulton & Norman, Alan M. Petrov and Catherine A. Davis, for appellee.

PATRICIA ANN BLACKMON, Judge.

{¶ 1} Susan R. Crystal appeals from summary judgment in favor of appellee, James M. Wilsman, her former attorney, on her legal malpractice claim. Crystal assigns the following as errors for our review:

{¶ 2} "The trial court erred when it relied upon the defendant's unverified affidavit to grant summary judgment.

{¶ 3} "The trial court erred when it granted summary judgment on the statute of limitations defense.

{¶ 4} "The trial court erred when it found that the terms of a divorce were more than favorable in the face of uncontradicted, competent expert evidence that the defendant committed legal malpractice when he failed, while handling a divorce case, to determine the fair market value of the husband's ownership interest in a legal professional association, before dividing the marital estate."

{¶ 5} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for proceedings consistent with this opinion. The apposite facts follow.

{¶ 6} From 1971 to 1991, Crystal was married to Larry Crystal, an attorney in the law firm of McCarthy, Lebit, Crystal & Haiman Co., L.P.A. ("McCarthy, Lebit"), throughout their marriage. Crystal initiated divorce proceedings, and at the recommendation of Marshall Wolf, her cousin and an experienced domestic relations attorney, she retained Wilsman as counsel. Ultimately, she and her

husband reached a settlement which the domestic relations court journalized on April 11, 1991.

{¶ 7} On November 26, 1998, Crystal spoke with Wolf, who asked about her ex-husband's pension. Although she eventually discovered that her ex-husband did not have a pension at the time of the divorce, Wolf's question prompted her to seek counsel on the matter.

{¶ 8} Crystal's new counsel reviewed the file obtained from Wilsman and advised her that Wilsman had possibly committed malpractice by not pursuing the ex-husband's interest in his law firm. Crystal instituted a legal malpractice lawsuit against Wilsman on November 23, 1999, eight years after her divorce decree was journalized.[1] Crystal alleged that Wilsman failed to inquire as to whether the husband had a pension plan[2] and misled her to believe that her husband possessed an insignificant interest in McCarthy, Lebit.

{¶ 9} After answering the complaint, Wilsman moved for summary judgment, arguing that the statute of limitations expired when the attorney-client relationship terminated eight years ago. Crystal opposed the motion and argued that the cognizable event apprising her of the alleged malpractice did not occur until November 26, 1998, when her cousin inquired about the ex-husband's pension plan.

{¶ 10} The trial court granted summary judgment in a two-page opinion, finding that the statute of limitations expired at the conclusion of the divorce proceedings.

{¶ 11} Because the trial court's judgment entry solely addressed whether Crystal had complied with the applicable statute of limitations, we need only address whether the trial court erred in this regard. Consequently, we moot Crystal's first and third assigned errors, and we solely address Crystal's second assigned error, wherein she argued that the trial court erred by basing summary judgment on the expired statute of limitations. For the following reasons we agree.

{¶ 12} We consider an appeal from summary judgment under a de novo standard of review.[3] Accordingly, we afford no deference to the trial court's

---

1. Crystal voluntarily dismissed the complaint without prejudice and timely refiled it on December 8, 2000.

2. No evidence was presented that at the time of the divorce a pension plan existed. It appears that the husband depleted the fund a year prior to the divorce in order to pay off a portion of the marital debt.

3. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212; *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534.

decision and independently review the record to determine whether summary judgment is appropriate.[4] Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, which is adverse to the nonmoving party.[5]

{¶ 13} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[7]

{¶ 14} R.C. 2305.11(A) provides that a legal malpractice claim such as the one before us must be filed within one year after the cause of action accrued.

{¶ 15} A cause of action accrues upon a cognizable event "whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."[8]

{¶ 16} A cognizable event "is an event sufficient to alert a reasonable person that in the course of legal representation his [or her] attorney committed an improper act."[9] In determining the cognizable event, " 'the focus should be on what the client was aware of and not an extrinsic judicial determination.' "[10]

{¶ 17} In *Case v. Landskroner & Phillips Co., L.P.A.*,[11] this court determined that a cognizable event occurred when the plaintiff learned that two unnamed

---

4. Id. at 192, 699 N.E.2d 534, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153.

5. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

6. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

7. Id. at 293, 662 N.E.2d 264.

8. *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, at syllabus.

9. *Wozniak v. Tonidandel* (1997), 121 Ohio App.3d 221, 226, 699 N.E.2d 555, citing *Spencer v. McGill* (1993), 87 Ohio App.3d 267, 622 N.E.2d 7.

10. *Vagianos v. Halpern* (Dec. 14, 2000), Cuyahoga App. No. 76408, 2000 WL 1844752, quoting *McDade v. Spencer* (1991), 75 Ohio App.3d 639, 600 N.E.2d 371.

11. (May 3, 2001), Cuyahoga App. No. 78147, 2001 WL 470169.

parties could be liable for the injuries sustained, and that "these parties should have been added to the lawsuit pending in common pleas court."[12]

{¶ 18}   *Case* and R.C. 2305.11(A) tell us that a cause of action accrues upon the client's discovery or imputed discovery of a nexus between her injury and her attorney's conduct.   Rather than entertaining the question of when Crystal became aware of her husband's transgressions, we must focus on when she became aware of her attorney's malfeasance.

{¶ 19}   At the time the court journalized the divorce decree, Crystal only knew that she was displeased with her lawyer, and that she felt that her husband had deceived her.   No evidence exists from which we may conclude that Crystal, at the time of settlement, was aware, or should have been aware, that her supposed injury was related to any act, or failure to act, attributable to her attorney.   As this is the crucial issue when applying the statute of limitations for a legal malpractice claim, a cognizable event did not occur in 1991.

{¶ 20}   The cognizable event occurred on or after November 26, 1998, when Crystal and Wolf discussed her divorce proceedings.   It was only during this time frame that Crystal connected her injury with her attorney's failure to pursue her husband's interest in his law firm.   Crystal's filing on November 23, 1999, fell within one year of the cognizable event.   Accordingly, she complied with the applicable statute of limitations and the trial court erred by granting summary judgment in favor of Wilsman.

{¶ 21}   The judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

JAMES D. SWEENEY, P.J., concurs.

COLLEEN CONWAY COONEY, J., dissents.

COLLEEN CONWAY COONEY, Judge, dissenting.

{¶ 22}   I respectfully dissent.   The facts of this case indicate to me that the cognizable event whereby Crystal discovered or should have discovered that she was injured by Wilsman's action and was put on notice of her need to pursue her possible remedies against Wilsman was the entry of the divorce decree in 1991.

---

12.   Id. at 9, 2001 WL 470169.

She admitted in her deposition that on that date she was unhappy with the terms of the settlement agreement and with Wilsman's representation. She stated that she felt that she had been "screwed" and believed at that time that her husband was hiding assets. Although she did not specifically suspect that her husband was hiding his assets in the law firm, she was aware at that time that he was a partner in the firm.

{¶ 23} As this court held in *Lynch v. Dial Fin. Co. of Ohio No. 1* (1995), 101 Ohio App.3d 742, 656 N.E.2d 714:

{¶ 24} "[A]n injured person need not be aware of the full extent of the injury before there is a 'cognizable event' triggering the statute of limitations. 'Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person' that a wrong has taken place." Id. at 747, 656 N.E.2d 714, quoting *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 58, 538 N.E.2d 398.

{¶ 25} The mere fact that Crystal waited more than seven years to consult with an attorney regarding her concern of undiscovered assets does not operate to extend her time to file for malpractice beyond the one-year limitation period. She was unhappy with the terms of her settlement agreement and Wilsman's representation at the time the decree was entered. At that time, she was also aware that her husband was a partner in the law firm. It was then that she should have taken steps to ascertain whether the settlement terms were fair and whether all the assets were discovered.

{¶ 26} Therefore, I would affirm the trial court's decision.